**ROBERT W. FREEMAN**
Nevada Bar No. 3062
**PRISCILLA L. O'BRIANT**
Nevada Bar No. 10171
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: (702) 893-3383
Fax: (702) 893-3789
E-Mail: Robert.Freeman@lewisbrisbois.com
E-Mail: Priscilla.Obriant@lewisbrisbois.com
*Attorneys for Defendant USAA SAVINGS BANK*
*and USAA FEDERAL SAVINGS BANK*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| HENRY HOLMES, | CASE NO.: 2:21-cv-00446-JAD-NJK |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| USAA SAVINGS BANK and USAA FEDERAL SAVINGS BANK, | |
| Defendants. | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure with regard to matters of procedure.

2. **Form and Timing of Designation**. A party or third-party producing documents or information may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will

not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. A party or third-party producing documents may remedy an inadvertent failure to identify documents as CONFIDENTIAL by supplemental written notice within a reasonable time after production by submitting to the receiving party properly marked documents or copies thereof, for which there was an inadvertent failure to identify the documents as CONFIDENTIAL. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. A party which, prior to this Court's entry of this Order, has previously produced documents in the course of discovery which would properly be designated as CONFIDENTIAL pursuant to the terms of this Order shall be permitted a period of ten (10) calendar days from entry of this Order to re-designate any documents previously produced. In such circumstances, the designating party shall provide written notice to the other party of such documentation, and shall provide new copies of the documents to be designated in accordance with the terms of this Order.

3. **Documents Which May Be Designated CONFIDENTIAL**. Any party or third-party producing documents may designate them as CONFIDENTIAL if the documents contain information protected from disclosure by statute or that should be protected from disclosure including confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4. **Depositions**. Portions of depositions shall be deemed CONFIDENTIAL only if designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

    (a)    <u>General Protections</u>. Documents designated CONFIDENTIAL under this

Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and conduct discovery and trial in this action, including any appeal thereof.

(b) <u>Limited Third-Party Disclosures of Confidential Documents</u>.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any person or entity except as set forth in subparagraphs (i) - (v) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(i) *Counsel*.  Counsel for the parties and employees and those agents of counsel who have responsibility for the preparation and trial of the action, including, but not limited to, any in-house counsel for a party who has responsibility for the action;

(ii) *Parties*.  Parties and employees of a party to this Order who are involved in the preparation and trial of this action;

(iii) *The Court*.  Any personnel from a court having jurisdiction over this action or witnesses involved in this action;

(iv) *Court Reporters and Recorders*.  Court reporters and recorders engaged for depositions;

(v) *Consultants, Investigators, and Experts*.  Consultants, investigators, or experts (collectively, "<u>experts</u>") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after the experts review Attachment A.

(vi) *Copying Services*; and

(vii) *Others by Consent*.  Other persons only by the consent of the producing party or upon order of the Court and on such conditions as may be ordered or agreed.  All such persons shall execute a form of the certification contained in Attachment A.



(c) <u>Copies</u>.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively, "<u>copies</u>") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  "Copies" shall not include indices, electronic databases, or lists of documents provided that they do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6. **Filing of CONFIDENTIAL Documents Under Seal**.  ~~To the extent that a brief, memorandum of law, or pleading references any document marked as CONFIDENTIAL, then~~ [See order issued concurrently herewith.] ~~pleading shall refer the Court to the particular exhibit filed under seal ents of any confidential information.~~

~~(a) Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party must first consult with the party or third-party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party or third-party, the document or a redacted version of the document may be filed with the Court not under seal.~~

~~(b) Before a CONFIDENTIAL document is filed with the Court, or if a party seeks a prior agreement and such is not possible or adequate, the party seeking to file the document shall comply with Local Rule IA 10-4.~~

7. **Challenges by a Party to Designation as Confidential**.  Any CONFIDENTIAL designation is subject to a challenge by any party or nonparty with standing to object.  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in good faith to resolve the objection by agreement within ten (10) business days from the date the challenge is made.  If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents or

testimony subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If any party disputes the other party's designation of a document as CONFIDENTIAL, the burden of proof resides with the party asserting confidentiality to prove that it deserves such treatment. Within twenty-one (21) calendar days after the meet and confer as discussed above, the party asserting confidentiality may file a motion seeking a protective order concerning the specific document, seeking to have the Court designate it as CONFIDENTIAL. All parties shall continue to maintain the material in question as CONFIDENTIAL until the Court rules on the challenge.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion and any other procedures set forth in the Court's standing orders or other relevant orders. To the extent such a motion is made regarding materials produced by a third-party, the third-party shall be provided with a reasonable notice and opportunity to be heard. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Hearings or Trial.** All hearings and trials are open to the public. Absent an order of this Court, there will be no restrictions on the use of any document that may be introduced by any party during hearings or trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party or the third-party producing said CONFIDENTIAL records at least fifteen (15) calendar days before the commencement of the hearing or trial by identifying the documents or information at issue as specifically as possible (i.e., by bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Objections on Conclusion of Litigation**.

    (a)    Unless otherwise agreed by the parties or ordered, this Order shall remain

in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Confidential Information**. Within thirty (30) calendar days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(c), shall be returned to the producing party if the producing party requests them, in writing, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) the documents are pleadings, attachments to pleadings, or deposition transcripts or exhibits thereto; or (4) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated as CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of CONFIDENTIAL documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

(c) **Return of Documents Filed Under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Court may return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Inadvertent Production of Privileged Material**. Any inadvertent production of documents otherwise subject to the attorney-work-product doctrine or the attorney-client privilege ("Privileged Material") shall not on its own constitute a waiver of such immunity or privilege. The receiving party is obligated to notify the producing party in writing via facsimile or electronic mail, with confirmation by mail, of the receipt of documents that the receiving party reasonably believes may be Privileged Material. Such notification shall be provided within ten

(10) calendar days of discovering such documents may be Privileged Material. The producing party then has ten (10) calendar days after receipt of such notification to request the return of such documents in writing via facsimile, certified mail, or electronic mail. Failure to request the return of such documents in the aforementioned manner and time period may result in a waiver of the immunity or privilege. The parties agree to return any Privileged Material inadvertently produced within ten (10) calendar days of receiving a timely request from the producing party to return the Privileged Material. The receiving party shall not maintain any copies of any Privileged Material returned pursuant to this Order.

12. **Order Subject to Modification.** This Order shall be subject to modification by this Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel, the parties, those legally associated with the parties, and persons made subject to this Order by its terms.

15. **Breach**. If a party breaches this Agreement by breaching confidentiality and/or filing CONFIDENTIAL information without obtaining leave to file under seal, the designating party may request that the CONFIDENTIAL information be stricken, as well as any other relief that the Court deems just and proper.

IT IS SO ORDERED.
Dated: December 14, 2021

_____
United States Magistrate Judge

| | |
|---|---|
| WE SO STIPULATE<br>and agree to abide by the<br>terms of this Order<br><br>Respectfully submitted,<br><br> s/ Priscilla L. O'Briant<br>Robert W. Freeman (NV 3062)<br>Priscilla L. O'Briant (NV 10171)<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>6385 S. Rainbow Blvd., Suite 600<br>Las Vegas, NV 89118<br>T: (702) 893-3383<br>F: (704) 893-3789<br>E: robert.freeman@lewisbrisbois.com<br>   priscilla.obriant@lewisbrisbois.com<br><br>-- and --<br><br>David M Krueger (*admitted pro hac vice*)<br>Allyson R. Cady (*admitted pro hac vice*)<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>200 Public Square, Suite 2300<br>Cleveland, Ohio 44114-2378<br>T: (216) 363-4500<br>F: (216) 363-4588<br>E:dkrueger@beneschlaw.com;<br>   acady@beneschlaw.com<br><br>*Attorneys for Defendants USAA Savings Bank and USAA Federal Savings Bank* | WE SO STIPULATE<br>and agree to abide by the<br>terms of this Order<br><br><br><br>*By: /s/ Michael J. Plati*<br>Michael J. Plati (*admitted pro hac vice*)<br>Arizona Bar No. 016705<br>PRICE LAW GROUP, APC<br>8245 N. 85th Way<br>Scottsdale, AZ 85258<br>T: (818) 600-5561<br>F: (818) 600-5461<br>E: plati@pricelawgroup.com<br><br>Steven A. Alpert, NV #8353<br>PRICE LAW GROUP, APC<br>5940 S. Rainbow Blvd., Suite 3014<br>Las Vegas, NV 89118<br>T: (702) 794-2008<br>E: alpert@pricelawgroup.com<br><br>*Attorneys for Plaintiff<br>Henry Holmes* |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HENRY HOLMES,<br><br>    Plaintiff,<br><br>vs.<br><br>USAA SAVINGS BANK and USAA FEDERAL SAVINGS BANK,<br><br>    Defendants. | CASE NO.:  2:21-cv-00446-JAD-NJK<br><br>**STIPULATED PROTECTIVE ORDER — ATTACHMENT A** |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order ("Protective Order") dated _____, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by the terms.  The undersigned submits to the jurisdiction of the District of Nevada for matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived therefrom to any other person, firm, or concern.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title/Employer: _____

Date: _____  _____

                        Signature